UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| Plaintiff, | ) ) ) | | |
| v. | ) ) | Cause No. | 1:20-cr-00097-JRS-TAB |
| MICHAEL FISHER, | ) ) | | - 05 |
| Defendant. | ) ) | | |

## REPORT AND RECOMMENDATION

On April 28, 2025, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on March 28, 2025. Defendant Fisher appeared in person with his appointed counsel William Dazey. The Government appeared by Adam Eakman, Assistant United States Attorney. U.S. Parole and Probation appeared by USPO Felicia Bowers.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Fisher of his rights and provided him with a copy of the petition. Defendant Fisher waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Fisher admitted to violation number 1. [Docket No. 1646.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage."** |

        On March 27, 2025, the offender provided a urine sample that yielded positive for amphetamines and marijuana.

        As previously reported to the Court, the offender provided a urine sample on January 2, 2025, that yielded positive for amphetamines and cocaine. On January 13, 2025, he provided a urine sample that yielded positive for amphetamines and was dilute. On January 29, February 3, 18, and 26, 2025, the offender provided urine samples that yielded positive for amphetamines.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade B violation.

    (b) Defendant's criminal history category is I.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 4 to 10 months for imprisonment.

5. The Government argued for a sentence of 9 months imprisonment with an unspecified term of supervised release to follow, although it acknowledged that USPO did not agree supervised release should be imposed after the term of imprisonment. Defendant's counsel argued for another opportunity for Defendant to admit to a drug treatment program.

6. The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 9 months with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

7. The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Date: 4/28/2025

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system